40 N.J. Super. 177 (1956)
122 A.2d 524
IN THE MATTER OF THE ESTATE OF BERNARD R. ARMOUR, DECEASED.
Superior Court of New Jersey, Appellate Division.
Argued April 23, 1956.
Decided May 8, 1956.
*178 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Anthony T. Augelli argued the cause for appellants Ruth A. Kamen, et al. (Messrs. Milton, McNulty & Augelli, attorneys).
Mr. Sidney Krieger argued the cause for appellants Ruth Blackstone, etc., et ano.
Mr. James D. Carpenter argued the cause for respondents (Messrs. Carpenter, Bennett, Beggans & Morrissey, attorneys; Mr. Elmer J. Bennett, of counsel).
*179 The opinion of the court was delivered by JAYNE, J.A.D.
It is expeditious and adequately serviceable for us to announce our determination of the debated subjects of this appeal in a summary style.
The executors presented to the Chancery Division for approval their second intermediate account embracing the period from December 1, 1951 to December 1, 1954, requesting also that the payment of income commissions as therein recorded be judicially confirmed, and that their commissions on corpus and the fees of their counsel be established and the disbursement thereof authorized.
The application of the executors encountered some exceptions to the account as presented and met with some protests asserted by certain parties in interest concerning the requested allowances for commissions and counsel fees.

I.

Anent the Quantum of Corpus Upon Which Commissions Were Calculated and Allowed
In his determination of this controversial subject the trial judge with an awareness of the decision reported in 11 N.J. 257 (1953) stated:
"The amount requested by the executors represents 4 1/2% of a corpus of $26,838,024.82. In this corpus figure is an amount of $7,256,713.95, being the book value of the shares of stock of the American Aniline Corporation as of June 30, 1953. The American Aniline stock, by virtue of the provisions of the will as interpreted by the Supreme Court, was taken over by George L. Armour for $4,408,664.82. It is this figure rather than the book value which should be considered in determining the amount of the corpus of the estate. If that be done, as I think it should, the corpus upon which commissions may be calculated would be $23,989,975.69."
Consequently in that particular a conformable allowance of commissions on a reduced corpus of $23,989,975.69 is contained in the judgment. We perceive no meritorious reason to disturb that determination. Whether in consequence of that adjudication the executors should have been *180 directed to restate that feature of the account was, we think, a matter reposing within the discretion of the trial judge. No prejudice appears to be visited upon the appellants. One cannot seriously complain of something that means nothing.

II.

Executors' Commissions
Corpus commissions were allowed at the rate of 4% on a corpus of $23,989,975.69, amounting to $959,599.02. We are not unimpressed by the information communicated to us disclosing the several complex problems which have confronted the executors in the process of the administration of this exceptional estate. It is also apparent that they have been substantially aided in the fulfillment of their duties by attorneys and accountants, whose compensations are in the aggregate altitudinal.
The allowance here under review is recognized as intermediate, and it is evident that the performance of future administrative services is to be reasonably contemplated. Vide, N.J.S. 3A:10-2. Vide, Clapp, 7 N.J. Pract., § 771.
Upon mature reflection we have resolved that the commissions on corpus on the present accounting should be reduced from 4% to 2 1/2%.

III.

Counsel Fee
Relative to the allowance of the fee to counsel for the executors, the trial judge made the following informative remark:
"From the affidavit submitted by counsel for the executors in support of their request for allowances, I gain the impression that they consider the allowances heretofore made as partial payment for the services rendered by them during the entire administration of the estate. No justification for that impression exists, as a reading of my memorandum of May 28, 1954 will indicate. What counsel may justly seek at this time is an allowance for services rendered during the period between the first and second accountings. *181 For those services I feel that an allowance of $100,000 is ample, and such an allowance will be made."
The judgment authenticating the allowance embodies the following provision:
"* * * the said allowance is without prejudice to the right of the said attorneys to a review and determination, upon completion of the administration of the estate, of the value of their entire services to the executors and to a final allowance in accordance with such determination."
The insistence of the appellants is that the trial judge obviously estimated the reasonable value of all the services actually rendered by counsel during the stated period and that the quoted provision introduced in the judgment was not only discordant but antithetical. It would appear to be so.
The judgment in this particular will be modified by the deletion from it of the quoted provision, and it shall recite that the allowance of the fee is in full compensation for the professional services rendered by counsel during the stated period.

IV.

Allowance of Fee to Mr. Sidney Krieger
Mr. Krieger was appointed in these proceedings to serve as counsel for the guardian ad litem of infant contingent remaindermen. He actively pursued the duties of his appointment, and we think measurably contributed to the comprehensive consideration of the exceptions to the account and to the interests of the beneficiaries of the estate.
He was granted a meager fee of $500. This, we conclude from our survey of the proceedings, constituted a mistaken exercise of judicial discretion. The judgment should direct the allowance to him of a counsel fee of $2,000.
Let a mandate issue in conformity with the conclusions expressed in this memorandum.